In a medical malpractice action, plaintiffs appeal (by permission) from an order of the Supreme Court, Suffolk County, dated May 2, 1979, which, inter alia, denied their motion for an order directing that the previously unanimous findings of the medical malpractice panel be signed, or in the alternative, for an order directing a de novo determination before a new medical malpractice panel. Order reversed, with one bill of $50 costs and disbursements payable jointly by respondents appearing sepa *850 rately and filing separate briefs, and motion granted to the extent that the matter is remitted for a de novo hearing on the issue of malpractice before a new panel. Pursuant to section 148-a of the Judiciary Law and Part 684 of the rules of this court (22 NYCRR Part 684), a medical malpractice panel conducted a hearing and unanimously found: (1) that there was no liability on the part of defendants Good Samaritan Hospital and David Fine; and (2) that there was liability on the part of defendants Ralph Davidoff and William H. Bloom. Before those findings were reduced to writing, defendant Bloom telephoned the physician on the panel and requested that he reconsider. The physician did reconsider and, after re-examining the file, he changed his mind with respect to Drs. Bloom and Davidoff. Plaintiffs then moved for an order directing the physician to sign the previously unanimous finding of the medical malpractice panel that Drs. Bloom and Davidoff were liable, or in the alternative, for the appointment of a new physician panelist. In an order dated May 2, 1979, that motion was denied; the order stated "that there is no unanimous malpractice panel verdict as to the defendants Ralph Davidoff and William H. Bloom.” Dr. Bloom concedes that his ex parte communication was improper. Since there is no way of knowing to what extent that communication influenced the physician panelist’s handling of the case, the findings of the panel must be vacated in their entirety, and the matter remanded for a de novo hearing on the issue of malpractice before a new panel (see De Camp v Good Samaritan Hosp., 66 AD2d 766). Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ;, concur.